**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

TIMOTHY WAIDELICH

                                      Case No.

          Plaintiff,

vs.

TODD TORREY.

          Defendant.

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through his attorneys Heyboer Law PLC, and for his Complaint against Defendant says:

## INTRODUCTION

This is an action for money damages brought pursuant to 42 USC §1983 and 42 USC §1988, and the 1st, 4th and 14th Amendment to the United States Constitution. Defendant Torrey, acting under color of law as the duly elected Supervisor of Grant Township, deprived Plaintiff of his First, Fourth and Fourteenth Amendment rights to Petition the Government to Redress Disputes, to be Free from Unreasonable Seizures of his property, as well as the violation of Plaintiff's rights to both

1

Substantive and Procedural Due Process, arising from Defendant's actions when he caused a trailer owned by Plaintiff to be removed from Plaintiff's real property.

## JURISDICTION AND VENUE

1.      Plaintiff brings this action pursuant to the First, Fourth and Fourteenth Amendment of the U.S. Constitution; 42 USC § 1983; as well as 28 USC §1331 (federal question); 28 USC §1343 (original jurisdiction over civil rights claims) and an award of damages to redress the deprivation of rights guaranteed to him by the Constitution and the laws of the United States.

2.      Venue is properly laid in the Eastern District of Michigan, Northern Division, pursuant to 28 USC §1391(b), being the judicial district where the events and omissions giving rise to this action occurred and where Defendant resides.

## PARTIES

3.      Plaintiff, Timoth Waidelich is a resident within the Eastern District of Michigan, and particularly, St. Clair County, Michigan.

4.      Defendant Todd Torrey is, and/or was at all times relevant to these events, the elected Supervisor of Grant Township in Iosco County, Michigan, and he is being sued in his official capacity.

5.      In addition to his residence in St. Clair County, Michigan, Plaintiff, Timothy Waidelich seasonally resides at the residence owned by the Timothy Waidelich Trust as described below, of which he is the Trustee.

6.     Timothy Waidelich, Trustee of the Timothy Waidelich Revocable Living Trust (hereinafter "Waidelich Trust"), is the owner of real property situated in the Township of Grant, County of Iosco, State of Michigan, legally described as Lot 29 of the Plat of Crystalia Beach Subdivision, as recorded in Liber 3 of Plats at Page 2, Iosco County Records; said property located in Section 2, Township 22 North, Range 6 East.

7.     The Plat of Crystalia Beach Subdivision was created, examined and approved on or about September 22, 1924.

8.     When Crystalia Beach Subdivision was created, the lots within the subdivision together with various streets and trails were surveyed and laid out on said Plat by the original developers.

9.     Despite the provisions of the Plat regarding the location of lots and streets/roads, over time as the property within the Plat was developed there has been mis-occupation by the lot owners as to the true platted lines of their lots; further,  the streets/roads which are situated within in the subdivision were used by the lot owners and the public in general in locations which are other than as set forth in the Plat.

10.    In fact, a review of the true and actually platted lot lines reveals that the Plat lot lines are running in through buildings, yards, driveways, and other areas of occupation of other property owners who have for many years have occupied

property contrary to the provisions of the Plat and consistent with the property they own.

11.     As with the lots within the Plat, the true boundaries of the streets/roads within the Plat, as platted, in various locations actually run through yards, fences, long-standing trees, gardens, and other areas of occupation which are certainly not roadways or streets despite the demarcation in the Plat.

12.     The streets as set forth in the Plat, including Oak Street, are designated as 25 feet in width and as relevant to this action, and in fact, Oak Street lies in part between Plaintiff Waidelich Lot 29 and the lot of another, namely Paul Hanson.

13.     Plaintiff Waidelich and the Waidelich family have owned Lot 29 since the 1980s. Plaintiffs Waidelich and his family have been visiting the area since the early 1970's and can confirm that since said time, the location of Oak Street as it currently exists, and which is not consistent with the Plat, has been in existence for in excess of 50 years.

14.     Consistent with other areas of mis-occupation within the entire subdivision, the use of Oak Street (where it lies between Plaintiff Waidelich, Lot 29 and the Hansen, Lot 76), for over the past approximate 50 years has not been traveled and physically located where platted, but rather used and located in an area shifted to the north and crossing in part Lot 76 owned by Hansen.

15.     As to the area of the platted right-of-way of Oak Street lying between the historic location of Oak Street and the true platted survey line of Lot 29 (Waidelich Historic Occupation), that area of the right-of-way has been exclusively occupied, maintained, and treated as part of Lot 29 by Plaintiff Waidelich and family over the approximate past 50 years.

16.     Maintenance and occupation of the area by Plaintiff Waidelich and his family consisted of maintenance of lawn, trees, and parking area for vehicles and equipment, including the parking of Plaintiff's snowmobile trailer.

17.     Additionally, approximately 37 years ago, the Waidelich family applied for and was allowed the construction of the Waidelich garage which allowed for a sufficient setback from the physical location of Historic Oak Street and a normal parking area and drive in front of the garage.

18.     For well in excess of 40 years prior to the filing of this action, the property owners within the subdivision have honored and recognized the areas they occupy and use, including the physical location of the streets, which further includes Oak Street, despite that fact that many of the homes, yards, garages, other structures, as well as the streets/roads are not in accordance with the platted lines of the lots and streets within the subdivision.

19.     Over time, certain issues arose within the Plat regarding Oak Street, and in response to the issues, the township attorney on behalf of the Township acknowledged that the Township assumed no jurisdiction over Oak Street.

20.     Additionally, at no time has the Iosco County Road Commission or the Michigan Department of Transportation assumed jurisdiction over or included the roads within the subdivision, including Oak Street, in their annual report of being within the jurisdiction of the agencies; further, upon information and belief, at no time has the Iosco County Road Commission or the Michigan Department of Transportation accepted jurisdiction over Oak Street.

21.     Additionally, in the event the Iosco County Road Commission or the Michigan Department of Transportation ever accepted jurisdiction of the streets/roads within the Plat, "Oak Street" as designated in the Plat has been intentionally abandoned by the County Road Commission as never used, never maintained, improved, or attended in any manner to be useable; the same being in places overgrown with trees, occupied and encroached upon by property owners as aforesaid, and otherwise left  without ability to travel where platted.

22.     In fact, in addition to Plaintiff's use of the area designated in the Plat as "Oak Street", others within the Plat have likewise used the area of Oak Street as their sole property.

23.    Until recently, for more than 50 years, Plaintiff and his family, without incident, have parked vehicles including trailers over areas which are located on what is designated as "Oak Street" on the Plat.

24.    For several years, issues were raised regarding the location and use of Oak Street, and as relevant to this action, commencing on or about January 9, 2021, Defendant complained that Plaintiff was blocking a "clear vison area" on "Oak Street" with his snowmobile trailer.

25.    Thereafter, Grant Township did again notify Plaintiff that his trailer was illegally parked in a location in violation of the Township Zoning Ordinance ¶19.04.

26.    That ¶ 19.04 of the Grant Township Zoning Ordinance provides:

**Section 19.04 Clean Vision Zone**
A.    The following regulations shall apply to all landscaping, fences, walls, screens, or similar devices at street intersections:
    1. No fence, wall, sign, or screen or any planting shall be erected or maintained in such a way as to obstruct vision or interfere with traffic visibility on a curve, or within thirty (30) feet of the right-of-way of an intersecting street.
    2. No structure, hazard or obstruction shall be placed or maintained in the right-of-way, except as may be approved by the County Road Commission and Township Board."

27. That the Township Zoning Ordinance also provides for certain procedures regarding the issuance of tickets and judicial proceedings as civil infractions in the event of an alleged violation of the Ordinance.

28. That on or about January 28, 2021, Plaintiff responded to the Township and informed that Township that his trailer was legally parked upon property which he owned.

29. Over the next year, the issue of Plaintiff's trailer continued to be the source of debate by the Township until on or about May 27, 2022, when the Township provided Plaintiff a notice of zoning violation under the terms and provisions of the Grant Township Zoning Ordinance and demanded that Plaintiff comply with the Township demand on or before June 21, 2022.

30. In response to the Township claim, on or about August 6, 2022, Plaintiff filed an action in the Iosco County Circuit Court to "Quiet Title" pursuant to the doctrine of "Abandonment" over the area designated on the Plat as "Oak Street", Iosco County Circuit Court case no: 22-3340.

31. Included in the issues in the Iosco County lawsuit of which Grant Township was a party Defendant, Plaintiff was seeking Declaratory Relief regarding the status of the area platted as "Oak Street".

32. Thereafter, on or about August 28, 2022, while Plaintiff was at the Iosco County residence, all of the tires on his vehicle and trailer were destroyed through acts of vandalism.

33. Following the Township being served with process in the "Quiet Title" action, on or about September 20, 2022, Plaintiff was issued a civil infraction ticket

by Grant Township in the 81st District Court, case number 22-0129-ON, claiming

that Plaintiff was blocking a "clear vision zone" on Oak Street.

34. As a result of the ticket, Plaintiff hired counsel, on or about January 24,

2023,  the Court dismissed the civil infraction action, without prejudice, based upon

the stipulation of the parties to await the outcome of the "Quiet Title" action.

35. As Plaintiff's Circuit Court Quiet Title action continued to work its way

through the Court system, on or about January 24, 2024, Defendant Torrey, the

elected Supervisor of Grany Township, without any notice to Plaintiff and/or an

Order/Warrant of a Court, caused National City Towing Company of National City,

Michigan, to remove Plaintiff's snowmobile trailer, within which was a snowmobile,

from his property and placed it in the yard of  another residence owned by Plaintiff

within the Plat.

## COUNT I-FIRST AMENDMENT RETALIATION CLAIM

36. Plaintiff incorporates paragraph 1-35.

37. Under Michigan law, one gains title to real property by adverse possession

and/or abandonment once the period of limitation expires and the facts of

abandonment are confirmed.

38. Despite establishing title based upon possession of property for the

statutory period, as well as the abandonment of Oak Street, to establish marketable

9

title, one must file an action where a trial court, upon a finding of the elements of abandonment.

39. To establish marketable title it is necessary that the party file a court proceeding.

40. At all times relevant thereto, Plaintiff was seeking to establish that he held marketable title to the property at issue, including that area included in the Plat as "Oak Street", and did Petition the government through the lawsuit in the Iosco County Circuit Court seeking such a determination.

41. That at all times relevant hereto, Plaintiff was engaged in protected conduct under the First Amendment.

42. Through the actions as set forth herein, Defendant took adverse action against the Plaintiff with the intent to deter plaintiff from continuing to engage in the protected conduct, namely, the action to Quiet Title and establish the Abandonment of Oak Street, and to obtain marketable title to the area at issue and to continue to use the land and park his trailer on the property in question.

43. That acts of Defendant as set forth herein were motivated at least in part by the Plaintiff's protected conduct.

44. That the actions of Defendant violated Plaintiff's First Amendment right to petition the Government for a redress of grievances.

45. To establish a First Amended Retaliation claim, Plaintiff must demonstrate:

(a) he  was engaged in constitutionally protected activity;

(b) Defendant took adverse action against him which would chill a person of ordinary firmness from continuing to engage in the protected activity; and

(c) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

46. Based upon the foregoing,

(a) Plaintiff was in fact engaged in constitutionally protected activity by petitioning the government and seeking a determination of his rights;

(b) Notwithstanding his civil action, and the fact that Grant Township had already dismissed the previously issued ticket until the outcome of the "Quiet Title" action, Defendant took adverse action against Plaintiff and Plaintiff's property which has caused Plaintiff to reconsider the continuation of his civil action due to the repeated actions and conduct of Defendant;

(c)  That a causal relationship in fact exists between Plaintiff's cibvil action seeking a determination of his rights and the actions of Defendant in unilaterally removing Plaintiff's trailer from his property.

47. As a direct and proximate result of Defendant's actions,  Plaintiff was deprived of his constitutionally protected rights.

48.  That the actions of Defendant are in retaliation of Plaintiff's exercise of protected speech grounded in the First Amendment.

49.  As a result of the foregoing, Plaintiff is entitled to compensatory damages on his First Amendment retaliation claim and as well as punitive damages.

50.  Punitive damages are warranted in the instant case as Defendant's conduct is highly reprehensible.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

## <u>COUNT II-VIOLATION OF FOURTH AMENDMENT</u>

51.  Plaintiff incorporates paragraph 1-50.

52.  The Fourth Amendment to the Constitution provides:

> "The right of the people to be secure in their persons, house, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant  shall issue, but upon probable cause, supported by Oath or affirmative and particularly describing the place to be searched, and the person of things to be seized."

53.  A Fourth Amendment seizure occurs when there is an intentional governmental seizure of property by means of physical force or show of authority.

54.  On or about January 24, 2024, Defendant Torrey, the elected Supervisor of Grany Township, without any notice to Plaintiff and/or an Order/Warrant of a Court caused and directed National City Towing Company of National City, Michigan, to enter upon Plaintiff's property and further to seize   Plaintiff's

snowmobile trailer, within which was a snowmobile, from his property and placed it in the yard of another residence owned by Plaintiff within the Plat.

55. All of the actions of Defendant were wilfull and intentional.

56. Based upon the foregoing, Defendant violated Plaintiff's Fourth Amendment rights to be free from an unreasonable seizure of property..

57. As a result of the foregoing, Plaintiff is entitled to compensatory damages on his Fourth Amendment claim and as well as punitive damages.

58. Punitive damages are warranted in the instant case as Defendant's conduct is highly representable.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

## COUNT III-VIOLATION OF PROCEDURAL DUE PROCESS

59. Plaintiff incorporates paragraph 1-58.

60. That the Ordinances of Grant Township as well as the laws of the State of Michigan, MCL 257.252a et. seq., provide the means and methods to employ for the removal of certain types of vehicles from property.

61. That nowhere within the Ordinances of Grant Township or MCL 257.252a may a governmental agency remove a vehicle or trailer from the property of the owner, without notice, and move it to some other location.

62.  That the actions of Defendant in hiring National City Towing was committed under the color of law.

63. That Plaintiff, as the owner of the snowmobile trailer and the snowmobile contained therein, had a property interest in the items under the Due Process Clause of the 14th Amendment to the Constitution of the United States.

64.  Additionally, as set forth herein, the actions of Defendant denied Plaintiff of the procedural protections under both the Grant Township Ordinance and MCL 257.252a, and thus violated Plaintiff rights to procedural due process.

65.  Defendant's actions were intentional, objectively unreasonable, unnecessary, excessive, premeditated, reckless, willful, wanton and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

66. As a result of the foregoing, Plaintiff is entitled to compensatory damages on his First Amendment retaliation claim and as well as punitive damages.

67. Punitive damages are warranted in the instant case as Defendant's conduct is highly representable.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

## COUNT IV-SUBSTANTIVE DUE PROCESS

68.  Plaintiff incorporates paragraphs 1 through 67.

69.  At all times relevant hereto, Plaintiff had a protected property interest in his real estate, the items and possessions located thereon, as well as his trailer and snowmobile located within the trailer.

70.  That the of the State of Michigan, MCL 257.252a et. seq. and the Ordinances of Grant Township set forth the means and methods to address the removal of property and/or vehicles and trailers from property.

71. In fact, Grant Township had sought redress through its civil infraction ticket and compliance with the Township Ordinance only to dismiss the case pending the outcome of Plaintiff's Quiet Title action.

72. That the actions of Defendant infringed upon Plaintiff's property right in an arbitrary or irrational manner, which included but is not limited to acting contrary to the Township Ordinance, acting contrary to MCL 257.252a, trespass upon the private property of Plaintiff.

73. That the actions of Defendant have chilled and deprived and will continue to chill and deprive Plaintiff in the exercise of his protected liberty interest in items of personal property.

74. That there was no compelling interest of the Township, through Defendant, to warrant the removal of Plaintiff's property, all of which was in excess of the interests of Grant Township.

75. That Defendant had no right to remove Plaintiff's property and/or had no right to enter upon Plaintiff's property.

76. That at all times relevant, Defendant, acting under color of law, was required to obey the laws of the United States including those laws identified and described in the First and Fourteenth Amendments to the United States Constitution.

77. Defendant's actions were intentional, objectively unreasonable, unnecessary, excessive, premeditated, reckless, willful, wanton and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

78. As a result of the foregoing, Plaintiff is entitled to compensatory damages on his First Amendment retaliation claim and as well as punitive damages.

79. Punitive damages are warranted in the instant case as Defendant's conduct is highly representable.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

HEYBOER LAW PLC
Attorneys for Plaintiff

_/s/David R. Heyboer_____
DAVID R. HEYBOER (P27975)
3051 Commerce Drive, Suite 1
Fort Gratiot, MI  48059
(810) 982-9800
(810) 982-1148 - FAX
heyboerlaw@gmail.com

May 20, 2024

## **DEMAND FOR TRIAL BY JURY**

PLEASE TAKE NOTICE that the Plaintiff herein demands trial by jury
of all issues in said cause.

HEYBOER LAW PLC
Attorneys for Plaintiff

_/s/David R. Heyboer_____
DAVID R. HEYBOER (P27975)
3051 Commerce Drive, Suite 1
Fort Gratiot, MI  48059
(810) 982-9800
heyboerlaw.gmail.com

May 20, 2024